**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARVIN FRENCH and GWENDOLYN EDISON-FRENCH, | Case No.: 2:24-cv-01790-APG-DJA |
| Plaintiffs | **Order Granting Motion to Dismiss with Leave to Amend and Denying Other Pending Motions** |
| v. | |
| WESTCORP MANAGEMENT GROUP, | [ECF Nos. 6, 10, 14, 19, 20] |
| Defendant | |

Plaintiffs Marvin French and Gwendolyn Edison-French sue defendant Westcorp Management Group over events that occurred while the plaintiffs were renting an apartment from Westcorp. Westcorp moves to dismiss on a variety of grounds, including that this court lacks subject matter jurisdiction over this lawsuit and that Westcorp was never properly served. The plaintiffs do not respond to the argument that the court lacks jurisdiction. They argue that service was proper, and they contend that Westcorp is in default, so I should strike Westcorp's motion to dismiss and sanction Westcorp for filing "frivolous motions." ECF Nos. 6, 14, 20.

I grant Westcorp's motion to dismiss because this court lacks subject matter jurisdiction and because the plaintiffs did not properly serve Westcorp. I deny the plaintiffs' motions for summary judgment, to strike, and for sanctions. I grant the plaintiffs leave to amend and additional time to properly serve Westcorp if the plaintiffs choose to amend in this court.

**I. SUBJECT MATTER JURISDICTION**

Regardless of whether Westcorp is in default, I "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Subject matter jurisdiction "involves

a court's power to hear a case," so it "can never be forfeited or waived." *Id.* (quotation omitted). I therefore address Westcorp's argument that the court lacks subject matter jurisdiction in this case.

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). As the party seeking to invoke this court's jurisdiction, the plaintiffs bear the burden of proving the court has jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). There are two types of potential jurisdiction for this case: (1) federal question jurisdiction and (2) diversity jurisdiction.

As for federal question jurisdiction, the complaint alleges claims under 18 U.S.C. § 241, 42 U.S.C. § 3058i, and 41 U.S.C. § 6503. Thus, it ostensibly asserts claims arising under federal law. *See* 28 U.S.C. § 1331 (granting federal district court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). However, § 241 is a criminal statute that "provide[s] no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Section 3058i relates to a program for the Administration on Aging to make "allotments to States to pay for the cost of carrying out vulnerable elder rights protection activities." 42 U.S.C. §§ 3002, 3011, 3058. Section 3058i(a) provides that to receive an allotment, "a State agency shall . . . develop and enhance programs to address elder abuse, neglect, and exploitation." Westcorp is alleged to be an apartment manager, not a State agency that receives allotments under the relevant program. Finally, § 6503 relates to contracts made by agencies of the United States government. *See* 41 U.S.C. § 6502, 6503. Again, there is no allegation that Westcorp is a United States agency.

2

1    In their motion for summary judgment, the plaintiffs also cite to 42 U.S.C. § 13616 and a

2  "violation of civil rights 440." ECF No. 6 at 2.  Section 13616 relates to section 8 housing, and

3  there is no allegation that the plaintiffs lived in section 8 housing.  It is unclear what the plaintiffs

4  mean by a violation of their civil rights.  I presume the "440" refers to a case code this court uses

5  for certain civil rights cases. *See* ECF No. 1-1.  However, it is not clear what civil rights violation

6  the plaintiffs are asserting and there are no allegations that Westcorp's actions are fairly

7  attributable to the government to support a civil rights claim. *See* 42 U.S.C. § 1983; *Pasadena*

8  *Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021).  Consequently, the

9  plaintiffs have not met their burden of showing there is federal question jurisdiction.

10    There also is no diversity jurisdiction.  Federal district courts have original jurisdiction

11  over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of

12  $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a).

13  Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the

14  same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553

15  (2005).

16    The complaint lists a Nevada address for the plaintiffs and this case arises out of renting a

17  Nevada apartment. ECF No. 1 at 1, 41, 114.  The plaintiffs do not dispute Westcorp's assertion

18  that they are Nevada citizens.  Westcorp is a Nevada corporation, so it also is a Nevada citizen

19  because a corporation is a citizen of both its state of incorporation and where it has its principal

20  place of business. *See* 28 U.S.C. § 1332(c)(1); ECF No. 17.  As a result, all parties are Nevada

21  citizens, so there is no diversity jurisdiction.

22    Because the plaintiffs have not met their burden to show either federal question or

23  diversity jurisdiction, I grant Westcorp's motion to dismiss this case for lack of subject matter

3

1  jurisdiction.  Because there is no subject matter jurisdiction, I deny the plaintiffs' motion for

2  summary judgment (ECF No. 6).

3        I will permit the plaintiffs to amend their complaint if they can state a claim that falls

4  within this court's jurisdiction. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

5  banc) ("[A] district court should grant leave to amend even if no request to amend the pleading

6  was made, unless it determines that the pleading could not possibly be cured by the allegation of

7  other facts." (quotation omitted)).  Alternatively, the plaintiffs can sue Westcorp in state court.

8  **II.  SERVICE OF PROCESS**

9        Because I am granting the plaintiffs leave to amend, I also address Westcorp's motion to

10  dismiss for insufficient process and insufficient service of process.  Westcorp asserts it became

11  aware of this case when it received a copy of the summons in the mail.  It argues that the process

12  was insufficient because a copy of the complaint was not included along with the summons, and

13  that service was insufficient because it was mailed.  The plaintiffs argue that Westcorp was

14  served, and they attach proof of delivery from UPS. ECF No. 14 at 21-26.

15        "A federal court is without personal jurisdiction over a defendant unless the defendant

16  has been served in accordance with Fed[eral] R[ule of] Civ[il] P[rocedure] 4." *Crowley v.*

17  *Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quotation omitted).  If a defendant is not

18  properly served under Rule 4, it can assert the defense of insufficient service of process under

19  Federal Rule of Civil Procedure 12(b)(5).  While "Rule 4 is a flexible rule that should be

20  liberally construed so long as a party receives sufficient notice of the complaint," the serving

21  party must substantially comply with the rule. *Crowley*, 734 F.3d at 975 (quotation omitted).

22  The serving plaintiff bears the burden of establishing that a challenged service was valid.

23  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Under Rule 4(c)(1), the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." The plaintiffs do not dispute Westcorp's assertion that it was served with only the summons. Thus, the plaintiffs have not met their burden of showing that the process they attempted to serve was sufficient.

Additionally, under Federal Rule of Civil Procedure 4(h)(1), a corporation like Westcorp must be served in the manner that individuals are served pursuant to Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Individuals may be served by: (1) following the laws governing service of process in the state where the district court is located or where service is made; or (2) delivering a copy of the summons and complaint to the individual personally, an authorized agent, or a person of suitable age and discretion residing with the individual. *See* Fed. R. Civ. P. 4(e). Nevada law requires personal service of the summons and complaint to individuals by any of these same personal delivery methods authorized, but not by regular mail, certified mail, or something similar like UPS. *See* Nev. R. Civ. P. 4.2. Consequently, a plaintiff cannot serve a defendant by sending a UPS package under either federal or Nevada law. The plaintiffs' attempt to serve Westcorp by UPS was defective. *See, e.g.*, *Johnson v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-cv-00918-RFB-CWH, 2014 WL 6634821, at *2-3 (D. Nev. Nov. 21, 2014).

I therefore also grant Westcorp's motion to dismiss for insufficient process and insufficient service of process. And because Westcorp was never properly served, it is not in default nor subject to sanctions, so I deny the plaintiffs' motions to strike and for sanctions (ECF

Nos. 14, 19, 20).[1]  However, I grant the plaintiffs additional time to serve Westcorp with their amended complaint if they choose to amend in this court. *See* Fed. R. 4(m) (stating that the court may "order that service be made within a specified time").

## III.  CLAIM OR ISSUE PRECLUSION

Westcorp also moves to dismiss on claim or issue preclusion grounds because, according to Westcorp, the plaintiffs already brought these claims in a prior state court action that was resolved through mediation.  Because I lack subject matter jurisdiction and it is unclear whether the plaintiffs will be able to state a claim within the court's jurisdiction, I do not address claim or issue preclusion at this time.

## IV.  CONCLUSION

I THEREFORE ORDER that defendant Westcorp Management Group, Inc.'s motion to dismiss **(ECF No. 10) is GRANTED**.  The complaint (ECF No. 1) is dismissed without prejudice for lack of subject matter jurisdiction, for insufficient process, and for insufficient service of process.

I FURTHER ORDER that plaintiffs Marvin French and Gwendolyn Edison-French may file an amended complaint by **March 21, 2025.**  If the plaintiffs do not file an amended complaint by that date, I will close this case, without prejudice to the plaintiffs filing suit in state court.

I FURTHER ORDER that if plaintiffs Marvin French and Gwendolyn Edison-French file an amended complaint in this case, they have until **April 30, 2025** to properly serve Westcorp

---

[1] The plaintiffs move to strike Westcorp's "request for discovery scheduling." ECF No. 19.  It is unclear what the plaintiffs are referring to, as no such request appears on the court's docket.

6

1  Management Group, Inc.  Failure to properly serve Westcorp by that date will result in this case

2  being dismissed without prejudice for failure to timely serve the defendant.

3        I FURTHER ORDER that the plaintiffs' motions for summary judgment, to strike, and

4  for sanctions **(ECF Nos. 6, 14, 19, 20) are DENIED**.

5        DATED this 21st day of February, 2025.

6

7                              _____

                            ANDREW P. GORDON

8                              CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23