UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARVIN FRENCH and GWENDOLYN EDISON-FRENCH,<br><br>    Plaintiffs<br><br>v.<br><br>WESTCORP MANAGEMENT GROUP INC.,<br><br>    Defendant | Case No.: 2:24-cv-01790-APG-DJA<br><br>**Order Denying Motion to Strike**<br><br>[ECF No. 32] |

  Plaintiffs Marvin French and Gwendolyn Edison-French move to strike defendant WestCorp Management Group Inc.'s answer because WestCorp did not serve the plaintiffs with the answer. WestCorp responds that it served the plaintiffs through the court's electronic filing system, CM/ECF. It contends that the court's electronic filing system shows the plaintiffs as "filers," so service to them through CM/ECF sufficed. Alternatively, WestCorp argues that even if it should have served the plaintiffs with a paper copy, I should not strike the answer because the case should be resolved on the merits.

  The plaintiffs, who are pro se litigants, have not requested nor obtained court authorization to register as electronic filers in this case. *See* LR IC 2-1(b). A review of the court's notice of electronic filing shows that court documents are mailed to the plaintiffs' address on file with the court. *See, e.g.*, NEF associated with ECF No. 24. The plaintiffs are not electronic filers in this case, so service through the court's CM/ECF system does not suffice, as they will not receive the filed documents.

  Although WestCorp should have served the plaintiffs with its answer, I will not strike the answer as the plaintiffs request. That would be inconsistent with the public policy favoring the

disposition of cases on their merits, rather than on procedural missteps. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). WestCorp erred in believing the plaintiffs would receive the answer through CM/ECF, but the plaintiffs have not identified prejudice resulting from WestCorp's error that would warrant striking the answer. Rather, any prejudice is cured by ordering WestCorp to serve the answer and by advising WestCorp that service of filings in this case will not be accomplished through CM/ECF because the plaintiffs are not electronic filers. The parties may (but do not have to) agree to send each other documents in the future through other electronic means, such as email, under Federal Rule of Civil Procedure 5(b)(2)(E).

I THEREFORE ORDER that the plaintiffs' motion to strike **(ECF No. 32) is DENIED**.

I FURTHER ORDER that defendant WestCorp Management Group Inc. shall serve the plaintiffs with the answer (ECF No. 31) by June 23, 2025.

DATED this 4th day of June, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE