**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARVIN FRENCH and GWENDOLYN EDISON-FRENCH,<br><br>Plaintiffs<br><br>v.<br><br>WESTCORP MANAGEMENT GROUP,<br><br>Defendant | Case No.: 2:24-cv-01790-APG-DJA<br><br>**Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment**<br><br>[ECF Nos. 78, 84] |

Marvin French and Gwendolyn Edison-French (collectively, the plaintiffs) rented an apartment from Westcorp Management Group Inc. Westcorp sought to evict them, and they initiated a small claims court proceeding against Westcorp. The parties reached a mediation agreement resolving that case. Under the mediation agreement, Westcorp agreed to pay the plaintiffs $5,917. Additionally, Westcorp would show a zero balance owed to it, would provide a "stellar residential referral," and would "not report plaintiffs as having ever been evicted by" Westcorp. ECF No. 78 at 21. Nevertheless, on July 27, 2022, Westcorp[1] responded to Sierra Pacific Mortgage Company's Request for Verification of Rent by reporting that the plaintiffs "skipped without notice." ECF No. 78 at 25.

The plaintiffs sued Westcorp in this court asserting claims under the Fair Housing Act (FHA), breach of contract, and "unfair eviction practices." ECF No. 27 at 2-10. The parties each move for summary judgment. The plaintiffs argue that no genuine dispute remains that Westcorp breached the mediation agreement because it sent Sierra negative information about

[1] Empire Leasing sent the response to Sierra. ECF No. 78 at 25. There is no dispute that Westcorp manages Empire, and Westcorp does not dispute that it is responsible for the communication to Sierra. *See* ECF No. 84 at 2, 4.

the plaintiffs in contravention of the mediation agreement's terms. They also assert that Westcorp violated the FHA by trying to intimidate them into signing a blank addendum, using racial slurs, and making threats that ultimately led the plaintiffs to leave the apartment despite having paid rent. The plaintiffs argue that the summary eviction was illegal because Westcorp attempted to evict them even though they paid the rent in full and Westcorp sought to evict them after they had already moved out. They further contend that Westcorp engaged in self-help to unlawfully evict them by shutting off utilities.

Westcorp opposes the plaintiffs' motion and moves for summary judgment. Westcorp argues that even if it breached the mediation agreement, the plaintiffs suffered no damages because they nevertheless were able to purchase a home with a loan from Sierra shortly thereafter. Westcorp also contends that the plaintiffs have not shown that the reason various companies refused to extend or increase their credit was due to anything Westcorp did. Westcorp contends that it sent Sierra a revised final account statement, so it cured any breach. Westcorp asserts that the FHA claim is untimely under the statute of limitations. Finally, it argues that the FHA and unlawful eviction claims are barred by claim preclusion because the issues surrounding the eviction were resolved through the small claims court case and related mediation agreement.

**I. I grant Westcorp's motion for summary judgment and deny the plaintiffs' motion.**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. The plaintiffs have not presented evidence of damages to support their breach of contract claim.**

The plaintiffs' amended complaint alleges that Westcorp breached the mediation agreement. ECF No. 27 at 5. The amended complaint cites to 41 U.S.C. § 6503, but that statute does not apply here because it "applies in case of breach or violation of a representation or stipulation included in a contract under section 6502 of" Title 41. Section 6502 refers to a "contract made by an agency of the United States." There is no such contract at issue in this case. But, like Westcorp, I liberally construe the pro se plaintiffs' claim as one for breach of contract under Nevada law.

In Nevada, "[t]o succeed on a breach of contract claim a plaintiff must show four elements: (1) formation of a valid contract; (2) performance, or excuse of performance, by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011). A "plaintiff must prove both (1) a causal connection between the defendant's breach and the damages asserted, and (2) the amount

of those damages." *Iliescu, Tr. of John Iliescu, Jr. & Sonnia Iliescu 1992 Fam. Tr. v. Reg'l Transportation Comm'n of Washoe Cnty.*, 522 P.3d 453, 458 (Nev. App. 2022); *see also Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 168 P.3d 87, 97 (Nev. 2007).

The plaintiffs have presented evidence that Westcorp breached the September 14, 2021 mediation agreement by reporting negative information to Sierra on July 27, 2022. ECF No. 78 at 20-21 (mediation agreement), 25 (Request for Verification of Rent form sent to Sierra stating the plaintiffs "skipped without notice"). But the plaintiffs have not pointed to evidence of any damages arising from this breach. The plaintiffs obtained a loan from Sierra less than a month later to finance a home purchase. ECF Nos. 81-1; 81-2 at 2. The plaintiffs do not dispute that they obtained a loan from Sierra after Westcorp sent the negative information to Sierra.

The plaintiffs state in their response that the "VA home has no relevance to the damages done to the plaintiffs," a "veteran's mortgage requires no down payment," and they had "no intention of using [their] VA to purchase a home at [their ages] of 65 and 77 years old." ECF No. 86 at 9 (simplified). The plaintiffs do not explain how purchasing a home constitutes damages from Westcorp's breach of the mediation agreement. Additionally, their intention to purchase a home pre-dated Westcorp's breach of the mediation agreement because Sierra sent Westcorp the Request for Verification of Rent form in connection with the loan application, which prompted Westcorp's negative report to Sierra. The plaintiffs thus have not pointed to any evidence raising a genuine dispute that Westcorp's negative report to Sierra caused them damages.

The plaintiffs attach exhibits that show Quicken Loans, LLC and JPMorgan Chase Bank, N.A. denied plaintiff Edison-French a loan in May 2021. ECF No. 78 at 58, 59. But those denials came before the parties entered into the mediation agreement. *Id.* Thus, Quicken Loans'

and Chase's decisions could not have been caused by a breach of the mediation agreement, as that agreement did not yet exist.

The plaintiffs also attach a letter in which Elan Financial Services denied plaintiff Edison-French a credit line increase in December 2024. *Id.* at 60. That denial came after the mediation agreement, so it could support their claim. But the letter states that the reasons for the denial were "[d]erogatory public record or collection filed," the "[r]atio of balances to credit limits on revolving accounts is too high," the "[l]ength of time revolving accounts have been established," and the "[l]ack of recent installment loan information." *Id.* at 61-62. The plaintiffs present no evidence that the derogatory information Elan noted had anything to do with Westcorp breaching the mediation agreement. They also do not tie Elan's refusal to increase the credit line with damages beyond the mere fact that the credit limit increase was denied.

Finally, the plaintiffs list various damages they are seeking. ECF No. 86 at 8 (referring to being homeless starting in February 2021; hotel, storage, and moving costs; emotional distress from "being forced from [their] home due to threats" by Westcorp; and punitive damages). But those relate to the eviction, not to the breach of the mediation agreement.

The plaintiffs have not pointed to evidence from which a reasonable jury could find that Westcorp's breach of the mediation agreement caused them damages. I therefore grant Westcorp's motion for summary judgment and deny the plaintiffs' summary judgment motion on the plaintiffs' breach of contract claim.

**B. The plaintiffs' FHA claim is untimely.**

Title 42 U.S.C. § 3617 makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or

enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." Section 3604 prohibits discrimination in renting due to certain protected characteristics, including race. The FHA provides a private right of action that has a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A). Under that provision, an "aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach." *Id.*

The plaintiffs filed this lawsuit on September 24, 2024. ECF No. 1. Thus, their FHA claim cannot be based on any acts that took place before September 24, 2022. The discriminatory practices about which the plaintiffs complain took place in 2021. ECF No. 27 at 3-4. Even if I considered the breach of the mediation agreement to fall within the plaintiffs' FHA claim, that does not change the result because the breach occurred in July 2022. Thus, the plaintiffs' FHA claim is time-barred. Accordingly, I grant summary judgment in Westcorp's favor and deny the plaintiffs' summary judgment motion on this claim.

**C. The FHA and unlawful eviction claims are barred by claim preclusion.**

Westcorp argues that the plaintiffs' FHA and unlawful eviction claims are barred by claim preclusion because the plaintiffs sued Westcorp in small claims court about Westcorp's alleged conduct surrounding the eviction (including using racial slurs and shutting off utilities) and the parties settled their claims through the mediation agreement. The plaintiffs do not specifically respond to this argument in their opposition, but in attached affidavits they state that the following items were not resolved in mediation: illegal eviction, identity theft, fraud,

harassment, elder abuse, threats to life, civil rights violations, perjury by Westcorp's attorney, and punitive damages. ECF No. 86 at 30, 37.

The "purpose of the claim preclusion doctrine . . . is to obtain finality by preventing a party from filing another suit that is based on the same set of facts that were present in the initial suit." *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 712 (Nev. 2008) (en banc), *holding modified by Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015) (en banc). I give Nevada's state court judgments the same preclusive effect as they would be given under Nevada law. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). I thus follow Nevada's rules of preclusion when determining a Nevada state court judgment's preclusive effect. *Id.* In Nevada, claim preclusion applies when "(1) the parties or their privies are the same; (2) the final judgment is valid[;] and (3) the [current] action is based on the same claims or any part of them that were or could have been brought in the [prior] case." *Five Star*, 194 P.3d at 713.

On April 21, 2021, the plaintiffs filed a small claims complaint against Westcorp in Justice Court in Nevada. ECF No. 84-3. The plaintiffs sought $10,000 based on "security deposit 1,575.00, return of rent 1,325.00 for 2/1/2021 moving cost 350.00 illegal eviction, illegally turning off utilities, fraud, identity theft, harassment[,] intimidation[,] [and] punitive damages." *Id.* at 2. On September 14, the plaintiffs and Westcorp entered into a mediation agreement to resolve the small claims case. ECF Nos. 78 at 20-21; 84-12 at 2; 89-2 at 2. The mediation agreement provides that Westcorp agreed to pay $5,917, which was comprised of a security deposit, moving costs, a rent refund, court costs, and hotel costs. ECF No. 78 at 20-21. About a week later, the plaintiffs cashed the settlement check. ECF Nos. 84-4 at 2; 84-5 at 2.

The Justice Court's docket shows the case was closed on September 14, 2021 because the parties signed a mediation agreement.[2]

There is no genuine dispute that the prior action involved the same parties. Thus, the first requirement for claim preclusion is satisfied.

As to whether there was a valid final judgment in the prior case, the smalls claims court case was dismissed because the parties settled. The Supreme Court of Nevada has recognized that a dismissal order based on an accepted offer of judgment under Nevada Rule of Civil Procedure 68 "constitutes a final judgment for purposes of claim preclusion." *Mendenhall v. Tassinari*, 403 P.3d 364, 370 (Nev. 2017). The dismissal order in the prior case here was not based on an offer of judgment, but on a mediated settlement agreement.

The parties do not point to a Supreme Court of Nevada case that evaluates the preclusive effect of a judgment dismissing a case based on the parties' settlement. But I predict[3] the Supreme Court of Nevada would follow the Restatement (Second) of Judgments and the Ninth Circuit's reasoning on this subject and conclude that a dismissal order based on the parties' agreement receives the preclusive effect that the parties agreed to in their settlement. First, the Supreme Court of Nevada has already ruled that an order following an accepted offer of judgment, which is essentially a settlement, has preclusive effect. Additionally, the Supreme Court of Nevada looks to the Restatement for guidance on claim preclusion principles. *See Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 917 (Nev. 2014) (adopting

---

[2] I may take judicial notice of the docket in state court proceedings. Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

[3] "Absent controlling authority from the state supreme court, a federal court must predict how the highest state court would decide the state law issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Serenity Invs., LLC v. Sun Hung Kai Strategic Cap., Ltd.*, 183 F.4th 1124, 1128 (9th Cir. 2026) (quotation omitted).

the Restatement (Second) of Judgments § 41 on privity issues). The Restatement (Second) of Judgments § 26(1)(a) states that preclusion does not apply if "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim." Thus, the Restatement suggests that the terms of the parties' settlement impacts whether the court order dismissing the case based on that settlement has preclusive effect.

As the Ninth Circuit has explained, a "judgment entered based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it." *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019) (quotation omitted). "A settlement can limit the scope of the preclusive effect of a dismissal with prejudice by its terms." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 911 (9th Cir. 1998). Thus, I "look to the intent of the settling parties to determine the preclusive effect of a dismissal with prejudice entered in accordance with a settlement agreement, rather than to general principles of claim preclusion." *Wojciechowski*, 923 F.3d at 689.

Per the mediation agreement, the plaintiffs agreed that Westcorp's payment of $5,917 was "a full and final settlement of all amounts owed, including court costs, by Defendant to Plaintiff." ECF No. 78 at 20. That language unambiguously states that the parties fully and finally settled the plaintiffs' claims against Westcorp in the Justice Court case. An order dismissing the case based on that settlement thus constitutes a valid final judgment for claim preclusion purposes, and the second requirement for claim preclusion is satisfied.

Finally, the FHA and unlawful eviction claims in this case are "based on the same facts and alleged wrongful conduct" that were or could have been brought in the first proceeding, so those claims are subject to claim preclusion. *Five Star*, 194 P.3d at 715. The prior action was

based on the "illegal eviction, illegally turning off utilities," as well as "harassment [and] intimidation." ECF No. 81-4 at 2. The plaintiffs requested punitive damages. *Id.* The plaintiffs' demand letters sent before they filed the Justice Court case show they were asserting the same allegations about racial slurs and refusing to sign a blank addendum to their lease as they make in their current FHA and unlawful eviction claims. *Compare* ECF No. 81-5 at 2-4 *with* ECF No. 27 at 3-4. The fact that the plaintiffs filed their prior action in justice court, which has a jurisdictional limit on the amount of money a plaintiff can recover, does not change the analysis. *G.C. Wallace, Inc. v. Eighth Jud. Dist. Ct. of State, ex rel. Cnty. of Clark*, 262 P.3d 1135, 1138-39 (Nev. 2011) (citing the Restatement (Second) of Judgments § 24 cmt. g (1982) and stating that "a jurisdictional limit alone does not, for purposes of claim preclusion, prevent a claim from being brought"). The plaintiffs could have sued Westcorp in district court, so the jurisdictional limit of justice court has no impact on the preclusive effect of the justice court's judgment. *See Washington v. Orange Realty Grp., LLC*, No. 88961-COA, 577 P.3d 707, 2025 WL 2790386, at *5 (Nev. App. 2025) ("Critically, it was the [plaintiffs] who elected to bring their initial, post-eviction civil action in small claims court rather than in district court. And having selected the small claims forum for their previous complaint, the [plaintiffs] cannot now assert that they should be allowed to bring claims based on the same facts and conduct in district court based on the jurisdictional damages limitation for small claims cases"). The plaintiffs' FHA and unlawful eviction claims are based on the same facts and alleged wrongful conduct that were or could have been brought in the prior proceeding, so the third requirement for claim preclusion is satisfied.

The plaintiffs' FHA and unlawful eviction claims are barred by claim preclusion. I therefore grant Westcorp's motion for summary judgment on these claims and deny the plaintiffs' summary judgment motion.

**D. Extraneous Issues**

The parties dispute extraneous points that have no bearing on my ruling. For example, Westcorp contends that the plaintiffs did not respond to requests for admissions, while the plaintiffs assert that they responded in December 2025. Because I do not rely on the asserted admissions, I need not resolve this dispute.

The plaintiffs assert that Westcorp's attorney presented a fraudulent version of the mediation agreement. I have rejected this argument before. *See* ECF No. 77. The plaintiffs' complaint attached only the first page of the mediation agreement. ECF No. 1 at 12. Westcorp filed that version of the mediation agreement to show what it had received from the plaintiffs in support of its motion to dismiss for lack of proper service. ECF Nos. 11 at 4 ("Landlord became aware of this lawsuit [by] receiving a copy of the Summons in the mail. A copy of what was received is attached hereto as Exhibit A."); 11-1 (Exhibit A showing the single page version of the mediation statement along with a docket sheet and summons for this case, as well as other exhibits). There is nothing fraudulent in Westcorp providing the same document to the court that the plaintiffs provided to Westcorp. Moreover, the parties agree that the mediation agreement consists of two pages (one sheet of paper, front and back), and I have considered only the two-page mediation agreement in ruling on the parties' summary judgment motions.

The plaintiffs also contend they never received discovery from Westcorp. But the Magistrate Judge denied the plaintiffs' motion to compel without prejudice, and the plaintiffs did

not thereafter pursue the issue. ECF No. 74. They cannot wait until summary judgment to reargue the point.

**IV. CONCLUSION**

I THEREFORE ORDER that the plaintiffs' motion for summary judgment **(ECF No. 78) is DENIED**.

I FURTHER ORDER that defendant Westcorp Management Group Inc.'s motion for summary judgment **(ECF No. 84) is GRANTED**.

I FURTHER ORDER the clerk of court to enter judgment in favor of defendant Westcorp Management Group Inc. and against plaintiffs Marvin French and plaintiff Gwendolyn Edison-French, and to close this case.

DATED this 29th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE